**ERSKINE & SONS, INC.**

**v.**

**UNITED STATES of America and Interstate Commerce Commission.**

**Intervenor, Jack McFeely d/b/a McFeely Trucking Company.**

**Civ. A. No. 64–305.**

United States District Court
W. D. Pennsylvania.
Nov. 23, 1964.

908

Donald E. Cross, Washington, D. C., and Arthur J. Diskin, Pittsburgh, Pa., for Erskine & Sons, Inc.

Gustave Diamond, U. S. Atty., for the United States.

Robert W. Ginnane, Washington, D. C., for the Interstate Commerce Commission.

Delisi, Wick & Vuono, Pittsburgh, Pa., for intervenor Jack McFeely.

John H. D. Wigger, Department of Justice, Washington, D. C., for the United States.

Before STALEY, Circuit Judge, GOURLEY, Chief District Judge and SORG, District Judge.

GOURLEY, Chief Judge.

This is a statutory court proceeding based on an appeal from a decision of the Interstate Commerce Commission.

The Court is asked to annul, vacate and set aside an Order issued by the Commission in which certain contract hauling rights were granted to McFeely Trucking Company over the protest of Erskine & Sons, Inc., a trucking company. Said Court was empaneled pursuant to the provisions of 28 U.S.C.A. §§ 2284, 2321–2325. The Court has considered the record, pleadings, stipulation of the parties, briefs of counsel, and has afforded a complete and full opportunity for all interested parties to be heard.

It is the judgment of the Statutory Court that the award of the Commission should be sustained.

## DISCUSSION

Interlake Iron Corporation, a producer of commodities among which was pig iron, required hauling facilities from the place of manufacture into West Virginia, and requested McFeely to secure the necessary authority from the Commission to serve as a contract hauler for said producer.

Protestant Erskine had hauled pig iron for Interlake prior to the business relationship with McFeely and claims that the need for the contract carrier service did not exist and that no basis exists, factually or under the provisions of law, to sustain the award of the Commission.

Protestant further says that authority had heretofore been given to it to haul bulk commodities and pig iron fell in said category, and that no basis existed for the Commission to conclude that pig iron was not a bulk commodity.

The authority of a Statutory Court is most limited in matters of this nature, and if a rational basis exists to support the Order of the Commission, the Court cannot substitute its judgment for that of the agency. Yourga v. United States, 191 F.Supp. 373, 375 (W.D.Pa. 1961).

In granting authority to a contract carrier, the standard is whether a distinct need exists for the services requested by the shipper. 49 U.S.C.A. §§ 303(a) (15), 309(b); I. C. C. v. J–T Transport Co., Inc., 368 U.S. 81, 90–91, 82 S.Ct. 204, 7 L.Ed.2d 147 (1961).

Substantial evidence exists to support the conclusion that protestant could not afford to the shipper the type

of service and equipment that its business operation necessitated and that the hauler requested to secure contract carrier authority did meet all requirements and needs of the shipper.

The conclusion of the Commission that protestant did not have the authority to haul pig iron to the area claimed, and that it was not a bulk commodity is amply and substantially sustained by the facts and law. Simpson v. United States, 200 F.Supp. 372, 378 (S.D.Iowa, 1961), aff'd mem. 369 U.S. 526, 82 S.Ct. 954, 8 L.Ed.2d 83, reh. den. 370 U.S. 914, 82 S.Ct. 1254, 8 L.Ed.2d 406.

### ORDER

And now, this 23rd day of November, 1964, prayer of Erskine & Sons, Inc., plaintiff, for relief is denied, the decision of the Interstate Commerce Commission is affirmed, and the Complaint is hereby dismissed.